Filed 3/16/23  P. v. Tromp CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079993 |
| v. | (Super.Ct.No. SWF1401307) |
| LAWRENCE HENRY TROMP, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Mandio, Judge.

Affirmed.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

A jury found defendant and appellant Lawrence Henry Tromp guilty of assault with a deadly weapon. (Pen. Code,[1] § 245, subd. (a)(1); count 1.) The jury also found that he personally used a dangerous or deadly weapon, a knife, during the assault (former §§ 667, 1192.7, subd. (c)(23)), and that he personally inflicted great bodily injury (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)).[2] In a bifurcated trial, a trial court found defendant had a prior conviction for attempted robbery, which was both a prior strike and a prior serious felony conviction. (former § 667, subds. (a), (c)-(e)(1).) (*Tromp*, *supra*, E070705.) The court sentenced defendant to 14 years in state prison, consisting of the middle term of three years, doubled to six years based on the prior strike, plus five years for the prior serious felony conviction, and three years for the great bodily injury enhancement. The court awarded him a total of 1,688 days of credit for time served and ordered him to pay various fines and fees.

Defendant appealed, and this court conditionally reversed the judgment and remanded the matter to the trial court with directions to conduct a mental health diversion eligibility hearing pursuant to section 1001.36, exercise its discretion whether to impose the five-year term on defendant's prior serious felony conviction (former §§ 667,

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

[2] On the court's own motion, we take judicial notice of our prior opinion. (*People v. Tromp* (Sept. 23, 2019, E070705) [nonpub. opn.] (*Tromp*); Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115(b).)

subd. (a), 1385), and award two additional days of presentence custody credits. (*Tromp*, *supra*, E070705.)

On August 29, 2022, the trial court held a hearing, and defense counsel informed the court that defendant had elected not to pursue a grant of mental health diversion. The court then awarded defendant two additional days of presentence credit pursuant to this court's direction. The court also exercised its discretion not to impose the five-year enhancement on the prior serious felony conviction (former §§ 667, subd. (a), 1385) and ordered the rest of the sentence to remain the same. Thus, the sentence imposed was nine years in state prison. As a result, defendant had enough credit for time served, and the court ordered him to be released forthwith.

Defendant filed a timely notice of appeal. We affirm.

FACTUAL BACKGROUND[3]

On April 24, 2014, defendant, suddenly and without provocation, stabbed the victim in the chest while he, the victim, and the victim's mother were waiting at a bus stop in Hemet. After police apprehended defendant, an officer heard him say, "Why did I stab him? I shouldn't have stabbed him." The victim was hospitalized and later recovered from his stab wound. (*Tromp*, *supra*, E070705.)

---

[3] This brief factual summary is taken from our prior unpublished opinion for background purposes only since we find the facts unnecessary to any potential issues on appeal.

3

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether the trial court had to restate the fine and fee amounts when it pronounced judgment a second time, even in the absence of an objection by defense counsel. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:


MILLER _____
         Acting P. J.


RAPHAEL _____
         J.

4